UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
——————

MICHAEL DONAWA,

                Plaintiff,                       Case No. 1:11-cv-1361

v.                                           Honorable Robert Holmes Bell

DISCOUNT TIRE CO.,

                Defendant.
_____/

## OPINION

        This is a diversity action brought by a federal prisoner proceeding *pro se*.  The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available.  This Court is required to dismiss any action brought by a person proceeding *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed because it is barred by the applicable statute of limitations.

## Factual Allegations

        Plaintiff Michael Donawa is a federal prisoner incarcerated at the United States Penitentiary in Coleman, Florida.  He sues Discount Tire Company, an entity located in Lansing, Michigan.  Plaintiff alleges that he purchased tires from Defendant in 2001.  A few weeks after the

purchase, one of the tires went soft.  When Plaintiff tried to fill it with air, it exploded in his face. As a result, Plaintiff sustained injuries to his eye, head, and ear drum.  He contends that he must take medication for the rest of his life because his stability and balance are off.  As relief, Plaintiff seeks two million dollars in damages.

### Discussion

Plaintiff does not state the basis for his claim to relief, but his allegations arguably present a state-law tort claim based on a theory of product liability and/or negligence.  This Court exercises diversity jurisdiction over Plaintiff's action under state law because Plaintiff, a resident of Florida, and Defendant, a resident of Michigan, are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Federal courts sitting in diversity must apply state statutes of limitations.  *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)).  In Michigan, the statute of limitations for actions to recover for "injury to a person or property" is three years after the time of injury.  MICH. COMP. LAWS § 600.5805(10).  The statute of limitations for product liability actions is also three years.  MICH. COMP. LAWS § 600.5805(13). For both kinds of actions, "[t]he statute of limitations runs from the time the claim accrues."  MICH. COMP. LAWS § 600.5827.  "The claim accrues . . . at the time the wrong upon which the claim is based was done regardless of the time when damage results."  *Id*.  The wrong triggering the statute of limitations in Plaintiff's case occurred when Plaintiff was harmed by Defendant's product.  *See Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995) (noting that the term "wrong" in § 600.5827 has been interpreted to refer to the date of injury, not the date of the defendant's conduct).  Thus, Plaintiff's claim, whether construed as a product liability claim or a negligence claim, accrued when

- 2 -

he was injured in 2001.  Therefore, because the three-year statute of limitations began to run in 2001, it had expired by the time Plaintiff filed the instant action in 2011.

"Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)."  *Day v. E.I. Du Pont de Nemours & Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. Sept. 17, 1998).  Further, where a complaint bears an affirmative defense such as the statute of limitations, it is frivolous on its face.  *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).  *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations of the complaint . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### Conclusion

The Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous and/or fails to state a claim.  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>January 30, 2012</u>                          /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE